**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAMONT D. CARTER,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. EDCV 10-295 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

　　　Lamont D. Carter filed this action on March 5, 2010. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on March 19 and April 7, 2010. (Dkt. Nos. 8-9.) On December 28, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issue. The court has taken the matter under submission without oral argument.

　　　Having reviewed the entire file, the court affirms the decision of the Commissioner.

///

///

///

///

**I.**

## PROCEDURAL BACKGROUND

On April 30, 2007, Carter filed an application for Supplemental Security Income ("SSI") benefits alleging disability beginning February 1, 2006. Administrative Record ("AR") 10. The application was denied initially and upon reconsideration. AR 10. An Administrative Law Judge ("ALJ") conducted a hearing on April 1, 2009, at which Carter, a medical expert, and a vocational expert ("VE") testified. AR 10, 17-38. On July 17, 2009, the ALJ issued a decision denying benefits. AR 7-16. The Appeals Council denied Carter's request for review. AR 1-4. This action followed.

**II.**

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada,* 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///
///
///

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

Carter has the following severe impairments: cardiomyopathy, diabetes mellitus, and hepatitis C. AR 12. Carter has the residual functional capacity to perform light work[1] "except out of an 8-hour period, he can stand and/or walk for 4 hours and sit for 6 hours," he "cannot work at unprotected heights, around dangerous machinery or in extreme temperatures," he "requires a clean-air environment," and he can only "occasionally climb, balance, stoop, kneel, crouch and crawl." AR 12-13. Although Carter could not perform any past relevant work, he is able to perform jobs that exist in significant numbers in the national economy such as optical assembler, order clerk and charge account clerk. AR 15-16.

## C. Duty to Consider Older Age Category

The regulations define a person under age 50 as a "younger person," and a person age 50 to 54 as a "person closely approaching advanced age." 20 C.F.R. § 416.963(c), (d).

///

---

[1] Light work is work which involves lifting no more than 20 pounds occasionally and 10 pounds frequently; and requires a good deal of walking or standing, or sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 416.967(b).

3

If a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled," the ALJ must consider whether to use the older age category after evaluating the overall impact of all the factors of the case. 20 C.F.R. § 416.963(b).

Carter was born on January 10, 1960. AR 39. At the time of the ALJ's July 17, 2009 decision, Carter was 49 years, 6 months and 6 days old. AR 16. Carter argues the ALJ erroneously failed to consider using the age category for persons closely approaching advanced age (age 50-54).[2] JS 4-13.

Carter asserts that § 416.963(b) required the ALJ to consider using the age category for persons closely approaching advanced age because (1) he was within a few months of reaching that age category, and (2) using that age category would result in a determination that he was disabled pursuant to the Medical-Vocational Guideline ( the "Grid") for a person with the residual functional capacity to perform only sedentary work, with a high school education which does not provide for direct entry into skilled work and no transferable skills. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.14.

Carter's argument is based on the erroneous assertion that the ALJ found he has the residual functional capacity to do only sedentary work. JS 4, 19-20. Contrary to Carter's assertion, the record clearly shows the ALJ found he has the residual functional capacity to perform a limited range of light work. AR 12-13. In his "Findings of Fact and Conclusions of Law," the ALJ stated,

> After careful consideration of the entire record, the
> undersigned finds that the claimant has the residual

---

[2] The ALJ cited Carter's birthday and relevant regulation, but focused on age at the time the application was filed. AR 15. The operative date, however, is the date of the ALJ's decision when, as here, the claimant seeks supplemental security income benefits and the Appeals Council denied review. *Russell v. Bowen*, 856 F.2d 81, 83-84 (9th Cir. 1988).

4

>functional capacity to perform *light work* as defined in 20
>C.F.R. 416.967(b) except out of an 8-hour period, he can
>stand and/or walk for 4 hours and sit for 6 hours.  The
>claimant cannot work at unprotected heights, around
>dangerous machinery or in extreme temperatures.  He also
>requires a clean-air environment.  The claimant can
>occasionally climb, balance, stoop, kneel, crouch and crawl.

AR 12-13 (emphasis added).

Carter argues the ALJ's clear finding that Carter can perform a limited range of light work should be ignored because the vocational expert identified only sedentary jobs as examples of representative occupations he could perform. JS 19-20.  The ALJ relied on vocational expert testimony that an individual of Carter's age, education, work experience and residual functional capacity could perform the jobs of optical assembler, order clerk, and charge account clerk–all sedentary jobs. AR 16, 36.  However, the ALJ explicitly stated: "Although the jobs cited by the vocational expert are all sedentary in exertion, the ability to do light work includes the ability to do sedentary work (20 C.F.R. [§] 404.1567(b))." AR 16; *see also* 20 C.F.R. § 416.967(b).

The grid for a person closely approaching advanced age with the residual functional capacity to perform light work, a high school education, and no transferable skills results in a determination of not disabled.  20 C.F.R. Part 404, Subpart P, Appendix 2, § 202.14.   Accordingly, 20 C.F.R.  § 416.963(b) does not require the ALJ to consider using the age category for persons closely approaching advanced age here.[3]  The ALJ did not err.

///

---

[3] By contrast, in *Lockwood v. Comm'r SSA*, 616 F.3d 1068, 1070 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 2882 (2011), the claimant contended, and the Commissioner did not dispute, the ALJ would have been required to conclude the claimant was disabled in the older age category.

**IV.**

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 4, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge